**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Chardon J. Black,** | ) | **CASE NO. 1:13 CV 2409** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Corporal Farrow, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff Chardon J. Black filed this action under 42 U.S.C. § 1983 against

Cuyahoga County Jail Corporal Farrow and Cuyahoga County Jail Corrections Officer Hall.  In

the Complaint, Plaintiff claims Defendants failed to address his cellmate's lack of medication,

leaving Plaintiff open to an assault.  He seeks monetary damages and requests a referral to a

private physician for treatment of his injuries.

### BACKGROUND

Plaintiff claims he was incarcerated in the Cuyahoga County Jail on December 21, 2012.

He states that on that date, his cellmate informed him that he was about to "spaz out" because he

had not received his medication.  (ECF No. 1 at 3).  Plaintiff alleges at 10:00 a.m., he told

Officer Hall what he had heard from his cellmate and the officer promised to check on the

situation.  Plaintiff claims he spoke to Officer Hall again after lunch and was told the officer had

"checked on it and something would be done."  (ECF No. 1 at 4).  He claims that when jail

officials did not intervene by 6:00 p.m., he asked to speak with Corporal Farrow.  Plaintiff

alleges that Farrow asked him if he felt threatened by his cellmate and Plaintiff indicated that he

did.  He states that the officer laughed, but denied he was laughing at Plaintiff.  Farrow

questioned Plaintiff's cellmate and then left the cell.  The two inmates were locked down, and

Plaintiff's cellmate pushed Plaintiff into the wall and punched him in the eye.  Plaintiff

informed another corrections officer of the altercation, and he was given a conduct report for

fighting.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law

when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest

which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis

when the allegations are delusional or rise to the level of the irrational or "wholly incredible."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks

"plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in

the pleading must be sufficient to raise the right to relief above the speculative level on the

-2-

assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.

The Plaintiff is not required to include detailed factual allegations, but must provide more than

"an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151

F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, Plaintiff does not identify a particular legal cause of action he

intends to assert in his Complaint.  Based on his allegations, it is possible Plaintiff is attempting

to assert a claim for failure to protect under the Eighth or Fourteenth Amendments.

The Eighth Amendment prohibition on cruel and unusual punishment protects convicted

prisoners from the "unnecessary and wanton infliction of pain."  *Baker v. Goodrich*, 649 F.3d

428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Those

protections are extended to pretrial detainees through the Due Process Clause of the Fourteenth

Amendment.  *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).  Although they

arise under the Fourteenth Amendment, claims pertaining to conditions of confinement asserted

by pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought

by prisoners.  *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v.

Wolfish*, 441 U.S. 520, 545 (1979)).  While Plaintiff does not indicate whether he is a pretrial

detainee, or whether he has been convicted and is serving his sentence in the county jail, his

claim will be reviewed under the Eighth Amendment.

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework

for courts to use when deciding whether certain conditions of confinement constitute cruel and

unusual punishment prohibited by the Eighth Amendment.  Plaintiff must first plead facts

which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is

measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S.

1, 8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference

to serious medical needs or extreme deprivations regarding the conditions of confinement will

implicate the protections of the Eighth Amendment.  *Id.* at 9.  Plaintiff must also establish a

subjective element showing the prison officials acted with a sufficiently culpable state of mind.

*Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or

good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  A prison official violates the

Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer*

*v. Brennan*, 511 U.S. 825, 834 (1994).

     While Plaintiff arguably satisfies the objective component of the claim, he fails to satisfy

the subjective requirement.  The subjective component requires a showing that prison officials

knew of, and acted with deliberate indifference to, an inmate's  health or safety.  *Wilson*, 501

U.S. at 302-03.  Deliberate indifference "entails something more than mere negligence."

*Farmer*, 511 U.S. at 835.  Plaintiff must show that the prison or jail officials had a sufficiently

culpable state of mind.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*,

511 U.S. at 834). This standard is met if "the official knows of and disregards an excessive risk

to inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference."  *Id*. (quoting *Farmer*, 511 U.S. at 837).

     In this case, Plaintiff does not allege facts which suggest Hall acted with a sufficiently

-4-

culpable state of mind.  He claims he spoke to Hall on two occasions about his cellmate's comment.  During the second conversation, Hall indicated to Plaintiff that he had "checked on it" and that "something would be done."  (ECF No. 1 at 4).  These allegations suggest Hall acted on Plaintiff's concerns by reporting them to an individual he assumed would address the situation.  At best, Plaintiff's allegations suggest Hall was negligent in failing to follow up with the individual with whom he spoke to assure that the situation had been resolved.  These allegations do not suggest Hall was deliberately indifferent to Plaintiff's safety.

Similarly, Plaintiff does not allege facts to suggest Corporal Farrow acted with deliberate indifference.  He states that Farrow came to his cell at his request and questioned both Plaintiff and his cellmate.  While Plaintiff alleges that the officer laughed at one of his responses, he does not suggest Farrow actually drew the inference that Plaintiff was in danger of an impending attack, and deliberately disregarded that risk when he left the cell.  Plaintiff also does not suggest that Farrow left the cell without intending to investigate the situation.  The cellmate attacked Plaintiff shortly after the corporal departed from the inmates.  Plaintiff has not established the subjective element of an Eighth or Fourteenth Amendment claim.

Finally, even if Plaintiff did not intend to assert a claim under the Eighth or Fourteenth Amendments for failure to protect, his Complaint would still be dismissed for failing to state a claim upon which relief may be granted.  Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up

questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudett*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.  Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  *See Wells v. Brown*, 891 F.2d at 594.  Even liberally construed, the Complaint does not sufficiently state a federal constitutional claim, other than one under the Eighth or Fourteenth Amendments, upon which Plaintiff may be attempting to base his § 1983 action.

## **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/6/14